IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICKEY HARGROVE, § | |
| (TDCJ-CID #1294506) § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-13-2939 |
| § | |
| WILLIAM STEPHENS, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND OPINION**

The petitioner, Rickey Hargrove, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his 2005 state conviction for aggravated sexual assault of a child. For the reasons set forth below, this suit is dismissed because Hargrove filed it too late.

**I.      Background**

In the 339th Judicial District Court of Harris County, Texas, Hargrove pleaded guilty to the felony offense of aggravated sexual assault of a child. (Cause Number 948955). On March 30, 2005, the court sentenced Hargrove to a 15-year prison term. The Fourteenth Court of Appeals affirmed Hargrove's conviction on February 16, 2006. Hargrove did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

Hargrove filed an application for state habeas corpus relief. The Texas Court of Criminal Appeals denied it on September 15, 2010. (Docket Entry No. 1, Federal Petition, pp. 3-4). *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us. On October 2, 2013, this court received Hargrove's federal petition. The threshold issue is whether the petition is time-barred. In *Day v. McDonough*, 547 U.S. 198 (2006), the Supreme Court held that while a district court is permitted

to consider the timeliness of a state prisoner's habeas petition, before dismissing a petition as untimely, the court must give the parties fair notice and an opportunity to present their positions. In an order entered on November 18, 2013, this court ordered Hargrove to file a written statement by December 16, 2013, showing why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 8). After this court granted him an extension of time, Hargrove filed his statement. (Docket Entry No. 11).

## II. Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. Because Hargrove filed his petition well after April 24, 1996, the one-year limitations period applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998). Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

The AEDPA provides in part as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the

>> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

Hargrove's conviction became final when the time expired for filing a petition for discretionary review in the Texas Court of Criminal Appeals. The First Court of Appeals affirmed Hargrove's conviction on February 16, 2006. He had 30 days, or until March 18, 2006, to file a petition for discretionary review. TEX. R. APP. P. 68.2(a). Hargrove did not file a petition for discretionary review. Absent tolling, the one-year limitations period would end on March 18, 2007.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2) (West 1997). Hargrove filed a state habeas application, but it did not toll the limitations period because it was filed in 2010, well after the limitations period had ended. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The limitations period ended on March 18, 2007, but Hargrove waited until October 2, 2013, before filing his federal petition. His claims are time-barred unless he can show that a statutory or equitable exception applies. The AEDPA's one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher*, at 715 n.14. Hargrove has not carried his burden to show that equitable tolling is warranted, and such tolling does not save the instant petition.

Hargrove asserts actual innocence and argues that this precludes the dismissal of this § 2254 petition. (Docket Entry No. 11, Petitioner's Response, p. 1). The Fifth Circuit Court of Appeals has recognized that a petitioner's claims of actual innocence may be relevant to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *accord Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). But a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002). And Hargrove has not shown that he has reliable, new evidence of his actual innocence. *See Schlup v. Delo*, 513 U.S. 298 (1995).

An actual innocence claim carries a heavy burden:

> To establish the requisite probability that he was actually innocent, the [movant] must support his allegations with new, reliable evidence that was not presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence."

*Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord Finley v. Johnson*, 243 F.3d 215, 221 (5th Cir. 2001); *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999).

The Supreme Court recently considered whether a plea of actual innocence can overcome the habeas statute of limitations. In *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), the district court found that the petitioner's claim was filed well beyond AEDPA's limitations period and that equitable tolling was unavailable because neither exceptional circumstances nor diligence was present. The district court then found that the alleged newly discovered evidence, had been "substantially available . . . at trial." The court also found no showing that had the evidence been

presented, no reasonable juror would have convicted. The appellate court reversed, holding that the actual-innocence claim allowed the petitioner to present his ineffective-assistance-of-counsel claim as if it had been filed on time. The Supreme Court reversed the circuit court.

The Supreme Court held that actual innocence, if proved, allows a petitioner to proceed, even if the AEDPA statute of limitations had expired, but no such proof was present in *McQuiggin*. The Supreme Court explained:

> We have explained that untimeliness, although not an unyielding ground for dismissal of a petition, does bear on the credibility of evidence proffered to show actual innocence.
>
> On remand, the District Court's appraisal of Perkins' petition as insufficient to meet [the] actual-innocence standard should be dispositive, absent cause, which we do not currently see, for the Sixth Circuit to upset that evaluation. We stress once again that the . . . standard is demanding. The gateway should open only when a petition presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." (Citation omitted).

*McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013).

Hargrove has not met the heavy burden of showing such strong evidence of innocence. Hargrove pleaded guilty to aggravated sexual assault of a child. He waived nonjurisdictional defects in the criminal proceedings when he entered his guilty plea. *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991). Nonjurisdictional defects include claims of actual innocence. *United States v. Pickens*, 201 F. App'x 143, 145 (4th Cir. 2006), citing *Tollett v. Henderson*, 411 U.S. 258 (1973); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). *See also United States. v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998), citing *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986).

Hargrove has not shown a likelihood that no reasonable juror would have convicted him in light of the new evidence. Hargrove relies on a copy of a laboratory report dated September 26, 2003. (Docket Entry No. 5, pp. 20-22). The report stated, in part:

> PCR DNA typing was performed on the above items. Results indicate the following:
>
> The DNA type obtained from the product of conception sample (Q1) is consistent with a mixture of DNA from more than one individual. The complainant, Raquel Hargrove (K1) cannot be excluded as a possible contributor this DNA mixture. Assuming a mixture of the complainant, Raquel Hargrove (K1), and the product of conception (Q1), results indicate that the suspect, Ricky Hargrove (K2) cannot be excluded as a possible parent of the product of conception (Q1).

(*Id.*). During the sentencing hearing held on March 30, 2005, Hargrove's counsel mentioned the results of the DNA test. (Docket Entry No. 5-2, p. 1). From the pleadings, it appears that the DNA test result Hargrove's counsel referred to is the same as the lab report Hargrove submitted here.

Hargrove also presented this same lab report to the state habeas court. The court found:

> 6. The DNA report that applicant refers to in his Application is not newly discovered evidence.
>
> 7. The medical records that applicant refers to in his application is not newly discovered evidence.
>
> 8. The DNA report and the medical records were known by applicant at the time of his punishment hearing.
>
> 9. The DNA report is neither exculpatory nor favorable to the applicant. Indeed the DNA report states the applicant cannot be excluded as a possible parent of the product of conception that came from the complainant.
>
> 10. The medical records are not exculpatory or favorable to the applicant.

> 11. There is evidence to support applicant's conviction that includes but is not limited to Applicant's signing of the Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession and according to Wallace's credible affidavit, applicant admitted his guilt before the court during the punishment phase of his plea.

(Docket Entry No. 5-1, p. 24).

Hargrove cannot show actual innocence based on the record. He identifies no ground for equitable tolling, and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Hargrove does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented him from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Hargrove's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Hargrove's claims relate to the guilty plea on September 27, 2004 and sentencing

on March 30, 2005. Hargrove has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Hargrove's federal petition is untimely.

### III. Conclusion

Hargrove's challenges to his 2005 conviction are dismissed as time-barred. This case is dismissed. Any remaining pending motions are denied as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Hargrove has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED on January 30, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge