IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICKEY HARGROVE, § | |
| (TDCJ-CID #1294506) § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION H-13-2939 |
| § | |
| WILLIAM STEPHENS, § | |
| Respondent. § | |

**ORDER**

The petitioner, Rickey Hargrove, sought habeas corpus relief under 28 U.S.C. § 2254, challenging his 2005 state conviction for aggravated sexual assault of a child. On January 30, 2014, this court dismissed Hargrove's petition on the ground that he filed the petition too late for the court to consider the claims. (Docket Entry No. 12). Hargrove has moved to reconsider this court's judgment. (Docket Entry No. 14).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). When a reconsideration motion is filed within 28 days of the challenged order, the motion is analyzed under the standards for a motion to alter or amend judgment under Rule 59(e).

"A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Altering or amending a judgment under Rule 59(e) is an extraordinary remedy

that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

In his motion, Hargrove restates the factual bases of his claims. This court previously noted that Hargrove pleaded guilty to aggravated sexual assault of a child and he elected to have a judge assess his punishment. During the March 30, 2005 sentencing hearing, Hargrove's counsel mentioned the results of a DNA test. (Docket Entry No. 5-2, p. 1). From the pleadings, this court determined that the DNA test mentioned by Hargrove's counsel was the same as the lab report Hargrove submitted with his federal petition. (Docket Entry No. 12). This court concluded that Hargrove had not shown that he had reliable new evidence of his actual innocence.

Hargrove has not clearly established a manifest error of law or fact. Nor has he presented newly discovered evidence. Hargrove reasserts arguments that were previously rejected by this court. To the extent he raises new arguments, Hargrove could, and should, have raised them before the judgment issued.

Hargrove's motion to alter judgment, (Docket Entry No. 14), is denied.

SIGNED on May 14, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge